UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                                   )
vs.                                )   CRIMINAL ACTION
                                   )   NO. 04-1672-CBS
JORGE LUCRET, a/k/a "Minor",       )
          Defendant,               )
_____)


**MEMORANDUM OF PROBABLE CAUSE
AND ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
December 23, 2005

**SWARTWOOD, C.M.J.**

    I.   Nature of the Offense and the Government's Motion

On February 23, 2004, a Criminal Complaint was filed, charging Jorge Lucret, a/k/a "Minor" ("Mr. Lucret"), with distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1). On February 23, 2004, a warrant issued for Mr. Lucret's arrest, but he could not be located in the Lawrence area where he had lived at the time of the offenses charged in this Complaint. Subsequently, in November 2005, the U.S. Marshal Service located Mr. Lucret in Rochester, New York, where he was arrested and eventually returned to this District where he appeared before me on December 8, 2005 for his initial appearance. At that time, I advised Mr. Lucret of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in

accordance with 18 U.S.C. §§3142(f)(1)(C)(Mr. Lucret is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Lucret is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A) (risk of flight).

On December 20, 2005, a consolidated probable cause/detention hearing was held and at that hearing, Jeffrey E. Wood, Jr., Special Agent with Federal Bureau of Investigation ("FBI") and a member of the North Shore Gang Task Force, testified on behalf of the Government and was cross-examined by Mr. Lucret's counsel.

## II.  Findings of Fact

1.   A confidential witness ("CW") originally identified Mr. Lucret as a source of supply for crack cocaine. Under Task Force supervision, the CW contacted Mr. Lucret and made arrangements to meet with him on September 22, 2003, on two occasions for the purpose of purchasing crack cocaine. The first sale involved crack cocaine with a gross weight of 29.4 grams for a cost of $390. The second sale involved crack cocaine with a gross weight of 30.6 grams for cost of $250. The crack cocaine purchased on both occasions were subsequently lab tested positive for crack cocaine. Both transactions were recorded by a recording device worn by the

CW and a video camera in an FBI vehicle then being used by the CW. Govt. Exs. 1, 2, 3.

    2.   Mr. Lucret was identified from the video of the drug transactions which occurred on September 22, 2003 by a local Deputy Sheriff, who was familiar with Mr. Lucret. Additionally, Special Agent Wood obtained a photograph of Mr. Lucret from the Registry of Motor Vehicles and that photograph not only is a photograph of the person seen in the video, but also the person I saw before me in Court. Govt. Ex. 4.

### III. Probable Cause

Although the CW was subsequently discredited and enclosed as a FBI source because he was selling drugs while working for the FBI, the fact remains that Mr. Lucret was seen and heard in a recorded video selling crack cocaine to the CW. Therefore, I find probable cause for the offense charged in this Complaint.

### IV. Detention

At the conclusion of the hearing on December 20, 2005, Mr. Lucret assented to an Order of Detention.

### V. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

    1.   That Mr. Lucret be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal;

    2.  That Mr. Lucret be afforded a reasonable opportunity for private consultation with counsel; and

    3.  On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Lucret is detained and confined shall deliver Mr. Lucret to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE